Oldham, J. This was an action of ejectment instituted by the plaintiffs in error against the defendants in error, and determined by Brown judge, in August 1S45. Upon the trial it was proven that James Sorrell, who owned and possessed the land in controversy by a fee simple title, confessed judgment in vacation before the clerk of thejprcuit court of said county in favor of the plaintiffs: that an execution was issued and the land levied upon and sold to satisfy the same: 'that the plaintiffs became the purchasers,, and received from the sheriff his deed for the premises, which was acknowledged according to law: that the defendants were in possession of the premises at the time of the institution of the suit,- and continued in possession without their consent. Upon this testimony, the court sitting as a jury found for the defendants. The plaintiffs moved for a new trial, which was overruled: whereupon they excepted and have brought the case into this court by writ of error. The only question presented for consideration is whether the 140 sec. of eh. 116, Rev. Slat., conferring upon the clerks of circuit-courts the power and authority to take and enter up judgments in vacation, contravenes the constitution of the State. The determination of the question depends upon the fact whether the power thus attempted to be conferred upon the clerks by the legislature is judicial or ministerial. If the power is judicial it had already been appropriated by the constitution to the proper tribunal; if ministerial, it was clearly in the power of the legislature to bestow it in the manner as in the act under consideration. From the language employed it would seem that the legislature were of opinion that they were conferring judicial and not ministerial power. But is such the iact? in Toby vs. Brown, 3 Ark. Rep. 352. Ringo C. J., in delivering the opinion of the court, thus clearly defines the limits Between judicial and ministerial power. “In issuing a writ of attachment the officer, whether a justice of the peace or clerk of the circuit court, must necessarily exercise his discretion, so far as to see that the plaintiff has done what the' law enjoins upon him to do, before he is entitled to the writ, or in other words, if the writ is issued by á justice, he must see that the' plaintiff has filed such bond and affidavit as the law requires. But this discretion is such only as every officer is bound to exercise' when he issues any writ or performs dny other official duty, the proper execution of which depends upon his learning, skill and judgment. But it must be apparent to all that this discretion is not only in its nature but in its consequences, essentially different from the jurisdiction or judicial power, the exercise of which is confided by the constitution to justices of the peace. The former neither determines the right nor concludes the parties in any way as regards the matter in controversy, but serves simply as an auxiliary in bringing parties and matters in litigation into and before the tribunal clothed with the jurisdiction: while the latter,- exercising the judicial power vested in it by the constitution, distributes judgment by legal trial and determination of the controversy between the parties, and so concludes them as to the matters adjudicated and determined.” The exercise of judicial power from its very nature pre-supposes a controversy or subject of dispute between the parties litigant,a right claimed on one side and denied or withheld on the other,upon which the court is called upon to investigate fact, determine rights and pronounce judgment. The rights and interests of the parties litigant are to be ascertained from the examination of facts and the exercise of the judgment: and when the facts are so ascertained the judgment of the law is pronounced upon them by which the parties are concluded. No such power is conferred or attempted to be conferred upon the clerks of circuit courts by the section of the act under consideration,- but precisely similar duties fire authorized to be performed in vacation as those enjoined upon them in entering the judgments of the courts in term time. In the last case there is a controversy between the parties, which the court, in the exercise of its judicial power is called upon to determine and when that determination is pronounced and the rights of the parties ascertained and defined, the clerk, as the ministerial officer of the court, enters the judgment upon the record: the judgment being but the conclusion of the law pronounced by the court upon the facts and issues ascertained and determined. But when judgment is entered by confession in vacation by the clerk, there is no matter in dispute, no question at issue between the parties, upon which the judgment of the clerk is to be exerci-> sed, upon the determination of which any opinion is to be pronounced affecting the rights of the parties* but the defendant vob untarily confesses those facts which a court of justice, in the exercise of its judicial power, must investigate and determine when they are in dispute, and the clerk in entering the judgment records no determination of his own, but the conclusion of the law upon the premises in the same manner and to the same extent as though the issues had been determined before the court in term time. Upon a certain state of facts the law makes it the duty of the clerk to enter judgments in vacation, in which case he but acts ministerially in the discharge of a specific legal duty in the same manner as when he issues a writ or performs any other ministerial act. The act in question is not compulsory upon either of the parties. It was intended for the mutual benefit of both debtor and creditor. By its provisions debtors may be enabled to make terms with their creditors and obtain time without being subjected to the onerous burthen of costs and charges of an ordinary suit at law. The creditor, without expense or protracted litigation, obtains ample security for the payment of his money by judgment lien upon the' debtor’s real estate, and is thereby enabled to extend time which he could not do perhaps, had he been driven to his ordinary suit at law. By this act the debtor who cannot controvert the demand and desires to avoid the costs of a suit, may make his terms with the creditor, by which he may avoid such costs. We are clearly of opinion, upon principle, that the act in question does not confer judicial but ministerial authority, and that judgments rendered by virtue of its provisions are valid and binding, and that consequently a sale made in accordance with law by a sheriff by virtue of an execution issued upon such a judgment will pass the title of the defendant to the purchaser. This question was ably argued and determined by the supreme court of Missouri in Russell vs. Gayer et al., 4 Mo. Rep. 384. The constitution of that State contains similar provisions to our own in relation to the subjects of jurisdiction. The opinion is clear and conclusive upon the question and leaves no doubt as to' its correctness. According to the principles above laid down Pitchett & Gregg, by purchase at sheriff’s sale under their judgment against Sorrell, became the fee simple owners of the land in question, and entitled to possession, which should have been awarded to tkem by the circuit court. The judgment must be reversed and the cause remanded for further proceedings to be had according to law and not inconsistent with this opinion. Conway B., J. Judge Conway was indisposed, and not present when the above opinion was delivered; but as the principle- involved is important and the question may again be presented,- he has deemed' it proper to have it noted that he does not agree with his brother judges in the conclusion they have come to in the case.